UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Brian Hobbs, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Hon. |
| v. | ) |
| | ) |
| Vital Recovery Services, Inc., | ) |
| a Georgia corporation, | ) |
| | ) |
| Defendant. | ) |

1:05CV0134

Robert Holmes Bell
Chief U.S. District Judge

**Complaint**

I. **Introduction**

1.  This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

2.  Defendant Vital Recovery Services, Inc. ("Vital") is in the business of collecting unpaid consumer debts. Vital attempts to collect the debts through abusive, deceptive and unfair practices, in violation of the FDCPA and MCPA. Among other things, Vital attempts to coerce payment of disputed debts by threatening to cause derogatory account information to appear on the consumer's credit report for a period of time that is longer than allowed by law. Mr. Hobbs is a victim of Vital's unlawful debt collection practices.

1

## II. Jurisdiction

3. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

## III. Parties

4. Plaintiff Brian Hobbs is a natural person residing in Kent County, Michigan. Mr. Hobbs is a "consumer" as the term is defined and used in the FDCPA. Mr. Hobbs is a "consumer" and a "debtor" as the terms are defined and used in the MCPA.

5. Defendant Vital Recovery Services, Inc. ("Vital") is a Georgia corporation, believed to be doing business at 260 Peachtree Street, Suite 2700, Atlanta, Georgia 30303. Vital's registered agent is William Scott Schulten, 260 Peachtree Street, Suite 2700, Atlanta, Georgia 30303. Vital is a "debt collector" as the phrase is defined and used in the FDCPA. Vital is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

## IV. Facts

6. At least five years ago, Mr. Hobbs had a credit account with Ameritech. Mr. Hobbs used the account and incurred debt. The debt was incurred for personal, family and/or household purposes. The debt was a "debt" as the term is defined and used in the FDCPA and MCPA.

7. Mr. Hobbs believes and has always maintained that approximately five years ago, the debt was paid in full. Mr. Hobbs has consistently disputed owing the alleged debt.

8. In or about October of 2001, a company named Sherman Acquisitions Group ("Sherman") purchased the allegedly delinquent debt. Sherman is in the business of purchasing delinquent consumer debt for a few pennies (or less) on the dollar. Sherman likely paid less than ten dollars for the debt allegedly owed by Mr. Hobbs. Sherman is affiliated with Vital. Sherman turned the debt over to Vital for collection.

9. By letter dated November 12, 2004, Vital wrote Mr. Hobbs and demanded payment of the debt. The letter expressly asked Mr. Hobbs to telephone Vital to discuss the debt. A copy of the letter is attached as Exhibit A.

10. On or about January 26, 2005, Mr. Hobbs telephoned Vital to dispute the debt. Mr. Hobbs spoke with an unidentified female employee of Vital at "extension 2556." In the conversation, Vital's employee stated that there had been no payment on the debt since April 19, 2000. Vital's employee stated that derogatory information regarding the debt likely was being reported on Mr. Hobbs' credit report and that the derogatory information would stay on Mr. Hobbs' credit report for seven to ten years. Vital's employee stated that Vital was attempting to collect the debt on behalf of "Sherman Acquisitions." When Mr. Hobbs requested documentation to support Vital's claim that he owed the debt, Vital's employee told Mr. Hobbs that Vital would not and could not validate the debt and that if Mr. Hobbs wanted validation of the debt, he would have to telephone Sherman Acquisitions at a specified toll free number to request that information.

11. On or about January 26, 2005, Mr. Hobbs telephoned Sherman Acquisitions at the toll free number supplied by Vital. Mr. Hobbs spoke with a male employee of Sherman named "Jamie." In the conversation, Sherman's employee stated: "If you want to dispute this account,

what you need to do is you need to write a letter saying that the account is not yours, you need to sign it three times, and get the letter notarized. We also need a copy of your drivers license and a copy of your social security card." Sherman's employee also stated: "If the account goes to an attorney, you might get sued."

12.  In early to mid February of 2005, received multiple telephone calls from Vital, demanding payment of the debt.

13.  On February 18, 2005, Mr. Hobbs telephoned Vital. A preliminary voice message warned that the telephone conversation may be recorded. The call then was answered by an employee of Vital named Mr. Martin, at extension 2595. In the conversation, Mr. Hobbs and Mr. Martin made the following statements:

   (a)   Mr. Hobbs stated that he disputed the debt.

   (b)   Mr. Hobbs expressly asked, "Is this [debt] on my credit report now?" Mr. Martin replied, "It just went into collections in 2000. So it may be by now. I would assume that it would be." Mr. Hobbs replied, "How long is this gonna be on there?" Mr. Martin replied, "I mean, it'll be there until it's paid. Like, there is no, like, well people get the misconception that there's a statute of limitations. The statute of limitations has nothing to do with your credit report. It has to do with the company being able to pursue legal action against you."

   (c)   When Mr. Hobbs requested documentation to support Vital's claim that he owed the debt, Mr. Martin told Mr. Hobbs that Vital would not and could not validate the debt and that if Mr. Hobbs wanted validation of the debt, he would have to telephone Sherman Acquisitions at a specified toll free number to request that

information.

14. Vital falsely represented to Mr. Hobbs that Sherman would sue him to collect the debt.

15. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

16. Vital falsely misrepresented the length of time for which derogatory information regarding the debt could remain on Mr. Hobbs' consumer report.

17. Vital repeatedly stated to Mr. Hobbs that he could not demand validation of the debt from Vital and instead would have to contact a third party to obtain documents to validate the debt.

18. Vital falsely stated to Mr. Hobbs that he could not dispute the debt orally and that the only way that he could dispute the debt was in writing. Further, Vital falsely stated to Mr. Hobbs that in order to dispute the debt in writing, he was required to sign the written dispute three times, have the writing notarized, and provide Vital with a copy of his drivers license and social security card.

19. The unlawful debt collection methods, acts and practices of Vital and its employees were willful. The violations of the FDCPA and MCPA by Vital and its employees

were willful.

20. As an actual and proximate result of the acts and omissions of Vital and its employees, Mr. Hobbs has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

21. Plaintiff incorporates the foregoing paragraphs by reference.

22. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiffs in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d) Defendant violated 15 U.S.C. § 1692g by misrepresenting plaintiff's validation rights.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

23. Plaintiff incorporates the foregoing paragraphs by reference.

24. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff hereby demands trial by jury.

Dated: February 22, 2005

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176